UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| CIRCUIT EXPRESS, INC., an Arizona corporation,<br><br>    Plaintiff,<br><br>v.<br><br>HAROLD JOYCE, a citizen of Arizona, NORM LEBLANC, a citizen of Arizona, and CHARLES OSTERING, a citizen of Arizona,<br><br>    Defendants. | Case No. CV 06-2757-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Defendants' motion to join Streamline Circuits Corp. as a third-party defendant in this action. Plaintiff opposes joinder. Plaintiff seeks joinder for two main reasons: 1) so Streamline can object to discovery requests if it so chooses; and 2) so Defendants can show that Streamline already possessed the information that is at issue in this case. Obviously, if Defendants, as third-party plaintiffs, wished to sue Streamline, they could do so. However, Defendants seek to have Streamline participate as a defendant.

With respect to Defendants' first basis for joinder, any discovery request targeted to Streamline directly can be objected to by Streamline. Any discovery requests targeted to Defendants (now employees of Streamline) can be objected to by the employees if there is a legal basis for making such objection. Streamline does not need to be joined as a defendant to allow objections. Thus, Federal Rule of Civil Procedure 19(a)(2)(i) is not met.

With respect to the second basis for joinder, Defendants may seek discovery from

1 Streamline. The Court does not agree that Streamline must be joined in the case as a party to
2 obtain the information at issue. Therefore, the Court does not find this to be a valid basis for
3 joinder.

4 Moreover, as Plaintiff points out in its response, information that has been in
5 Streamline's possession since before this lawsuit is not affected by the Restraining Order, nor
6 is it the subject of the sought preliminary injunction. Thus, if Defendants' allegation that
7 Streamline pre-possessed this information is true, Streamline and its employees could continue
8 to use their pre-possessed information regardless of the outcome of this case. Therefore, the
9 Court does not find Streamline to be necessary to this litigation.

10 Specifically, Federal Rule of Civil Procedure 19(a)(1) provides for compulsory joinder
11 if complete relief cannot be accorded among the parties. Defendants have failed to show how
12 complete relief could not be had. As Plaintiff notes, Plaintiff is seeking remedies from only
13 Defendants based on Plaintiff and defendants previous employment relationship. No relief is
14 sought from Streamline.

15 Additionally, Defendants have not shown that they could be subjected to multiple
16 lawsuits or inconsistent obligations if Streamline is not a party. Therefore, they have not meet
17 the final test of Rule 19(a)(2)(ii).

18 Based on the foregoing,

19 **IT IS ORDERED** that the Motion to Join Streamline Circuits (Doc. #25) is denied.

20 DATED this 30th day of November, 2006.

James A. Teilborg
United States District Judge